

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 3:20-408-MGL-2 |
| | § |
| JARRED LAVONDAI COURTNEY, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
AND PROVIDING OPPORTUNITY TO PROCEED UNDER 28 U.S.C. § 2255**

### I. INTRODUCTION

Pending before the Court is Defendant Jarred Lavondai Courtney's (Courtney) pro se motion for compassionate release. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Courtney's motion for compassionate release will be denied. But, the Court will give Courtney the opportunity to proceed under 28 U.S.C. § 2255, if he chooses to do so.

### II. FACTUAL AND PROCEDURAL HISTORY

Courtney pled guilty to possession with intent to distribute a quantity of marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2 (the drug count) and possession of a firearm in furtherance of a drug crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (the firearm count). Judge Childs sentenced him to one month imprisonment on the drug count and sixty months imprisonment on the firearm count,

to run consecutively, followed by a three-year term of supervised release as to each count, to run concurrently.

While incarcerated, Courtney has engaged in rehabilitative efforts, such as GED programs. He submitted with his motion letters of recommendation that recognize his positive attitude, as well as "hard work and dedication[.]"  A. Brooks-Smith (GED Teacher) Letter of Recommendation at 1.

Courtney currently has a projected release date of March 30, 2025.  He states that, upon his release, he will return to live with his mother and grandmother and assist in his grandmother's care after a stroke.

Courtney filed this motion on October 27, 2022.  The Clerk's Office thereafter reassigned this case to the undersigned Judge.  The government subsequently responded and Courtney replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.    STANDARD OF REVIEW**

When deciding whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i), a district court generally proceeds in three steps.  *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021).  First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction.  *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  But, because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might

raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

### IV.    DISCUSSION AND ANALYSIS

As an initial matter, Courtney has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a Defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court thus turns to the merits of his motion.

#### A.    *Whether Courtney presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Courtney posits the Court should grant compassionate release because Judge Childs should have sentenced him to below the statutory minimum on the firearm count. He also appears to argue his conviction on the drug count is unsupported by sufficient evidence. The government maintains Judge Childs committed no sentencing error, and that a motion for compassionate release is, in any case, the improper vehicle for such an argument. It fails to address Courtney's other arguments.

Courtney argues that the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the First Step Act), entitles him to relief under the safety valve provisions of 18 U.S.C. § 3553(f). *See*

3

§ 3553(f) (allowing the Court to impose a sentence below the mandatory minimum in certain cases).

Although he appears to believe the law has changed since his sentencing in 2021, the First Step Act had, at that time, been in effect for three years.  Therefore, *Concepcion v. United States*, 142 S. Ct. 2389 (2022), to which he cites, is inapposite.  *See id.* at 2396 (holding that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act).

Moreover, the Fourth Circuit has held "[b]ecause § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence" in cases where the defendant argues it was invalid upon imposition, "a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements."  *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

Courtney has therefore failed to establish extraordinary and compelling reasons for his release exist based on his challenges to his sentence as to the firearm count.  Moreover, *Ferguson* also precludes his argument that his conviction as to the drug count is unsupported by evidence.  A compassionate release motion is the improper method to bring such challenges.

Finally, Courtney mentions in his motion his rehabilitative activities and his grandmother's stroke.  He does not appear to contend these constitute extraordinary and compelling reasons for his release, but the Court will nevertheless briefly address them in an abundance of caution.

The Court appreciates the difficulty Courtney's mother faces as the apparent sole caregiver to his grandmother.  But, despite that hardship, his grandmother does, in fact, have care.  And, her condition predated Courtney's sentencing in this case, and was noted in the presentence investigation report.

Moreover, although Courtney has clearly made efforts toward rehabilitation, he has failed to do more than what the Court hopes of every defendant.  *See also* 28 U.S.C. § 994(t) (instructing commission that in "promulgating general policy statements regarding" compassionate release, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Accordingly, to the extent Courtney raises these arguments, they fail as well.  The Court thus determines Courtney has failed to present extraordinary and compelling reasons for his release.

### B.     *Whether the Section 3553(a) factors weigh in favor of release*

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude release.  *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]").  These factors include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes by the defendant;
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Although Courtney's prior criminal history is limited to a single simple possession of marijuana conviction, both the drug count and the firearm count are serious offenses. Courtney and his codefendant sold eleven firearms, four of which were stolen. Moreover, because of presentencing contact with a validated gang member, Courtney failed to receive a reduction of his total offense level for acceptance of responsibility.

And, although the Court commends Courtney for his efforts toward rehabilitation, such strides fail to warrant a sentence reduction. The Court nevertheless encourages Courtney to continue to take part in programming the Bureau of Prisons has to offer.

Finally, the Court determines a reduction would create an unwarranted sentencing disparity with his codefendant, who received the same sentence as Courtney for the same conduct.

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. His current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of his offense, and is a just punishment in this case. The Court will therefore deny Courtney's motion for compassionate release.

### C.     Whether the Court should construe Courtney's motion under 28 U.S.C. § 2255

As the Court alluded above, it appears Courtney may also be attempting to make a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining the Court must liberally construe pro se filings).

The Court will thus grant Courtney the opportunity to convert his motion to a Section 2255 petition. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (reasoning the Court may sometimes "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion . . . to avoid an unnecessary dismissal, to avoid inappropriately stringent application of

formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motions claim and its underlying legal basis[.]" (internal citations omitted)).

Before the Court may construe the filing as a Section 2255 motion, however, the Court must provide Courtney notice, warn him of the potential consequences, and confirm his intent. *See United States v. Blackstock*, 513 F.3d 128, 134 (4th Cir. 2008) ("[T]he very point of the warning is to help the pro se litigant understand not only (1) whether he should withdraw or amend his motion, but also (2) whether he should contest the recharacterization, say, on appeal." (quoting *Castro*, 540 U.S. at 384)).

The Court therefore warns Courtney that Section 2255 limits each individual to one Section 2255 motion, unless "[a] second or successive motion" is "certified" by the court of appeals due to newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(g).

Section 2255 also provides for a one-year statute of limitations. Courtney therefore has one year from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

to file a motion under Section 2255. *Id.* § 2255(f).

Because Courtney's judgment of conviction became final fourteen days after the judgment was filed, October 29, 2021, more than a year has passed. *See United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal

or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."); Fed. R. App. P. 4(b)(1)(A) (explaining in a criminal case, a defendant's notice of appeal must be filed within fourteen days after the later of entry of judgment or the government filing a notice of appeal).

Therefore, if this filing is not construed as a Section 2255 motion, Courtney is time-barred from making a new Section 2255 motion unless any of the circumstances in Subsections 2 through 4, above, apply here. But, his motion was filed October 27, 2022, so it would be timely if construed as a Section 2255 petition.

The Court also notes that, based on an initial review, Courtney's claims appear to lack merit. His sentence as to the firearm count is ineligible for safety valve. *See* 18 U.S.C. § 3553(f) (limiting safety valve to offenses under 21 U.S.C. §§ 841, 844, 846, 960, and 963 and 46 U.S.C. §§ 70503 and 70506). This makes sense, because one of the requirements for safety valve eligibility is that "the defendant did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" *Id.* § 3553(f)(2).

Courtney appears to confuse the firearm count with a weapon enhancement to a drug conviction. *Cf. United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (holding a defendant may be eligible for safety valve despite application of a weapon enhancement to his guideline sentence because of different applicable standards of proof).

Therefore, it appears Judge Childs did not err—and in fact had no choice—in imposing the mandatory minimum sentence. *See United States v. Moore*, 918 F.3d 368, 370 (4th Cir. 2019) (reversing a sentence imposed below a statutory mandatory minimum reasoning "[b]ecause mandatory minimums are imposed by Congress, only Congress—through the enactment of another statute—can authorize downward departures from them").

Moreover, the facts described in the presentence investigation report support Courtney's conviction on the drug count.

In *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002), the Fourth Circuit set forth a list of factors to consider in determining whether possession of a firearm "furthered, advanced, or helped forward a drug trafficking crime." Those factors included:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* (internal citation omitted). The Fourth Circuit also noted there are "numerous ways in which a firearm might further or advance drug trafficking." *Id.*

Here, Courtney sold drugs and firearms in the same transactions. *See United States v. Claude X*, 648 F.3d 599, 604 (8th Cir. 2011) ("[T]he meaning of 'use' adopted by the Supreme Court . . . clearly encompasses selling a firearm and drugs in the same container, in a single transaction."). The sale of the firearms was more than "a completely independent, yet contemporaneous action[,]" and the firearms "had at least the potential of facilitating the drug transaction at issue." *United States v. Lipford*, 203 F.3d 259, 267–68 (4th Cir. 2000) (internal quotation marks omitted). Therefore, it appears a factual basis supports Courtney's conviction on the drug count.

Finally, the Court reminds Courtney that he waived certain rights to file a Section 2255 motion in his plea agreement. Therefore, he may only file such a motion in limited circumstances, such as claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law. It does not immediately appear as though any of those circumstances apply here.

Nevertheless, the Court shall provide Courtney until **May 16, 2023,** to notify the Court if he wishes the Court to construe his filing as a Section 2255 motion. **If he fails to so notify the**

9

**Court, the Court will refrain from construing the filing as a Section 2255 motion.** By that same date, Courtney may also supplement his motion.

The Court warns Courtney, however, that unless any of the circumstances in Section 2255(f)(2)–(4), above, apply here, it can consider an amended Section 2255 petition only to the extent it states claims arising out of the same "conduct, transaction, or occurrence[.]" *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) (quoting Fed. R. Civ. P. 15(c)(1)(B)) ("So long as the original and amended [2255] petitions state claims that are tied to a common core of operative facts, relation back will be in order."). Otherwise, the claims will be untimely.

The Court also warns Courtney that if he notifies the Court he wishes to proceed under Section 2255, but fails to supplement his motion, the Court will likely deny it based on the analysis above.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Courtney's motion for compassionate release, ECF No. 143, is **DENIED**. Courtney may provide any notification of intent to proceed under Section 2255 and supplement no later than **May 16, 2023**. The Clerk of Court is directed to provide Courtney a Section 2255 form.

**IT IS SO ORDERED.**

Signed this 3rd day of April 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE